**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

*Electronically Filed*

| | |
|---|---|
| KALEB RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:23-CV-457-GNS |
| | ) |
| BELLARMINE UNIVERSITY INCORPORATED, | ) ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Bellarmine University Incorporated ("Bellarmine" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully submits this Notice of Removal of this civil action, styled *Kaleb Russell v. Bellarmine University Incorporated*, Case No. 23-CI-004788, filed in the Jefferson Circuit Court in the Commonwealth of Kentucky (the "State Court Action"), to the United States District Court for the Western District of Kentucky, Louisville Division. As grounds for this removal, Bellarmine states as follows:

## INTRODUCTION

1. Bellarmine files this notice to remove this action to this Court on grounds of federal question jurisdiction. All prerequisites for the removal have been satisfied and all deadlines for removal have been complied with.

## THE CASE

2. On August 9, 2023, Plaintiff Kaleb Russell ("Plaintiff") filed the State Court Action against Bellarmine in the Jefferson (Ky.) Circuit Court.

3. In his Complaint, Plaintiff alleges Defendant unlawfully discriminated against him based upon a disability in violation of: (1) the Kentucky Civil Rights Act, KRS § 344.120 ("KCRA"); (2) the Americans with Disabilities Act, 42 U.S.C. § 12182 ("ADA"); and (3) the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* ("RA").

4. Bellarmine was served a copy of the Summons and Complaint on August 14, 2023. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served on the Defendant are attached hereto as **Exhibit A.**

5. Bellarmine has not filed a responsive pleading in the State Court Action.

## **GROUNDS FOR REMOVAL**

6. Pursuant to LR 3.1(b)(1), Jefferson Circuit Court is a state court within this judicial district and division.

7. This Notice of Removal is timely filed within thirty (30) days after receipt by Bellarmine of the initial pleading setting forth the claim for relief. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

8. Congress granted defendants like Bellarmine the statutory right to remove a case from state court to the United States District Court where that case could originally have been filed. See 28 U.S.C. §§ 1441(a), 1446(a).

9. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

10. Federal district courts may also exercise supplemental jurisdiction "over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

### A. *This Court has federal question jurisdiction over Plaintiff's ADA and RA claims.*

11. This action is properly removable pursuant to 28 U.S.C. §§ 1331 and 1441 because the resolution of Plaintiff's claims involves federal questions, including the application of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* ("RA") (*See* Complaint at Count II, III).

12. This Court has federal question jurisdiction over Plaintiff's ADA and RA claims arising out of federal law. The State Court Action establishes the existence of federal question jurisdiction on its face given that the second and third counts of Plaintiff's three-count Complaint are premised upon the ADA and RA. (*See* Complaint at Count II, III). *See Clemons v. Shelby Cnty. Bd. of Educ.*, 2018 U.S. Dist. LEXIS 49403, at *17 (W.D. Ky. Mar. 26, 2018), aff'd in part, rev'd in part, 818 F. App'x 453 (6th Cir. 2020) (Complaint alleged violations of the RA, therefore, the Court had subject-matter jurisdiction based upon federal question jurisdiction); *see also Grainger v. Hoskin & Muir, Inc.*, 2019 U.S. Dist. LEXIS 210630, at *4 (W.D. Ky. Dec. 6, 2019) ("The Complaint alleges violations of the FMLA and the ADA, both which present federal questions.").

### B. *This Court has supplemental jurisdiction over Plaintiff's KCRA claim.*

13. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims asserted in Count I (KCRA Disability Discrimination) because such claims are so related to the claims in the action that are within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. Given that the

ADA, RA, and state law claims arise out of the same facts, the interests of judicial economy are best served by exercising supplemental jurisdiction and adjudicating them in a single proceeding. *See Craycroft v. Dakkota Integrated Sys., LLC*, 2016 U.S. Dist. LEXIS 14943, at *2–3 (W.D. Ky. Feb. 8, 2016).

14. This Court should exercise supplemental jurisdiction over Plaintiff's KCRA claim because it involves the same actors and arises out of the same operative facts as the ADA and RA claims and forms part of the same case or controversy. 28 U.S.C. § 1367(a); *see also Grainger*, at *4 ("This Court has supplemental jurisdiction over the KCRA claim because it arises from the same case and controversy as the federal claims."). That the KCRA claim, and the ADA and RA claims arise out of the same operative facts is best evidenced by the fact that all of the KCRA allegations are incorporated into Plaintiff's ADA and RA claims. (*See* Ex. A, Complaint, ¶¶ 57, 66). Given that the ADA, RA, and KCRA claims arise out of the same facts, the interests of judicial economy are best served by exercising supplemental jurisdiction and adjudicating them in a single proceeding. *See Craycroft*, 2016 U.S. Dist. LEXIS 14943, at *2–3.

## REMOVAL

15. This Court has original subject matter jurisdiction over this Complaint filed by Plaintiff in state court and would have had original jurisdiction had the Complaint been filed initially in this Court. 28 U.S.C. § 1331.

16. Removal to this Court is proper under 28 U.S.C. § 1441(a)

## REMOVAL IS TIMELY

17. Plaintiff filed this action in Jefferson Circuit Court on or about August 9, 2023. Bellarmine was served on August 14, 2023.

18. Under 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because the Defendant was originally served with a copy of the Complaint no more than thirty (30) days before the filing of this Notice of removal.

**BELLARMINE HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL**

19. In accordance with 28 U.S.C. § 1446(d), Bellarmine will promptly file a copy of this Notice of Removal with the Jefferson Circuit Court and serve copies of this Notice of Removal on Plaintiff's counsel.

20. The United States District Court for the Western District of Kentucky, Louisville Division is the appropriate venue for removal of Plaintiff's Complaint. The Jefferson Circuit Court is within the United States District Court for the Western District of Kentucky, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in the Western District of Kentucky.

21. By filing this Notice of Removal, Bellarmine does not waive any defenses which may be available to it under federal or state law. Bellarmine expressly reserves the right to move for dismissal of all or part of Plaintiff's Complaint pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure.

22. For all of the foregoing reasons, this Court has original jurisdiction over this lawsuit.

WHEREFORE, NOTICE is hereby given that the state court action now pending before the Jefferson (Ky.) Circuit Court, Case No. 23-CI-004788, is hereby removed from that court to the United States District Court for the Western District of Kentucky.

Respectfully submitted,

*/s/ Amy L. Miles*
Jeffrey A. Calabrese
Amy L. Miles
Stoll Keenon Ogden PLLC
400 West Market Street, Suite 2700
Louisville, KY 40202
Phone: (502) 333-6000
jeff.calabrese@skofirm.com
amy.miles@skofirm.com

*Counsel for Defendant,*
*Bellarmine University Incorporated*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court via the CM/ECF system, which will send notification of said filing to the following:

P. Stewart Abney
Abney Law Office, PLLC
1000 Cherokee Road, Suite 7
Louisville, Kentucky 40204
Phone: (502) 498-8585
stewart@abneylegal.com

*Counsel for Plaintiff,*
*Kaleb Russell*

*/s/Amy L. Miles*
*Counsel for Defendant*

4883-7931-9418.4